Meyer, J.
(dissenting). Eschewing reliance upon Federal or State constitutional provisions, the majority once again affirms the reversal of defendant Conyers’ armed robbery conviction and, so doing, makes its possible on retrial for Conyers to swear that he was the victim rather than the perpetrator of the robbery without fear of impeachment by evidence that he failed to make a similar claim at the time he was arrested. The basis for so doing is said to be that proof of silence under the circumstances is both highly prejudicial and of low probative value. Precedent it is said can be found in the Molineux (168 NY 264) and Sandoval (34 NY2d 371) rules balancing probative value and prejudice. I disagree for several reasons.
Primary is the skewed view of probativeness and prejudice adopted by the majority. My evaluation of both is spelled out in detail in the dissent in Conyers I (49 NY2d 174, 190-195). As to probativeness, its essence is that there is no more compelling instinct (and thus no greater force for truth telling) than that of self-preservation: “it is natural to expect that one who has been outraged in person or property will make prompt disclosure or explanation, the more so when his or her failure to do so will result in his or her own arrest” (49 NY2d, at p 194). To that may now be added that doing so may be expected to provide him or her with police protection against the attacker from whom he or she flees and make more probable the apprehension and conviction of the attacker which the victim can normally be expected to consider a result devoutly to be wished. The inherent incredibility of testimony by a defendant that he was in fact the victim of a crime rather than the perpetrator is so great that jurors of average intelligence are bound to wonder what defendant said at the time of arrest. Short of constitutional proscription so requiring, jurors should not be left to flounder on such subjects.
As to prejudice, the factors suggested by the majority are not so foreign to the experience of the average jurors that they cannot be trusted to evaluate, as they do other inconsistencies in defendant’s testimony, the explanation *462 for his silence which defendant is free to put before them. Moreover, defendant would be entitled, as was the defendant in Dawson (50 NY2d 311, 322-323), to an instruction to “the jurors, upon request that * * * they may consider the witness’ prior failure to come forward only insofar as it casts doubt upon the witness’ in-court statements by reason of its apparent inconsistency”.
A further reason for my disagreement is the majority’s apparent elevation to a general standard of the ad hoc rules of Molineux and Sandoval. Decisions in both areas have recognized that “the individual facts and circumstances of each case” will determine admissibility (People v Sandoval, 34 NY2d 371, 375; cf. People v Ventimiglia, 52 NY2d 350). Yet the majority appears to be saying that a defendant’s postarrest silence can never be probative, no matter the circumstances, and to that extent at least to be departing from, rather than following the Molineux and Sandoval lead. Here ad hoc evaluation should dictate admissibility. Conyers’ silence was particularly probative because he testified at trial that he was fleeing from a criminal who had held him at gunpoint. Surely there is enough of a probability that a victim in these circumstances would seek the protection of the police and the apprehension of his pursuer that a jury should consider defendant’s conduct in contrast.
For the foregoing reasons, and those stated in my Conyers I dissent, I would reverse the order of the Appellate Division insofar as appealed from, and would remit to the Appellate Division for further proceedings.
Chief Judge Cooke and Judges Jones, Wachtler and Fuchsberg concur with Judge Gabrielli; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Upon reargument following remand by the Supreme Court of the United States, this court’s prior determination affirming the order of the Appellate Division is adhered to.